**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Justin Daren Buxton v. The State of Texas

Appellate case number:     01-15-00857-CR

Trial court case number:    1482081

Trial court:                         228th District Court of Harris County

The complete record was filed in the above-referenced appeal on December 1, 2015, with the filing of the clerk's record, and appellant's brief was set to be due within 30 days of the filing of the clerk's record, or by December 31, 2015.[1]  Because appellant did not timely file a brief by December 31, 2015, the Clerk of this Court sent a late brief notice on January 15, 2016, notifying appellant's counsel that this case would be abated for a hearing pursuant to Texas Rule of Appellate Procedure 38.8(b)(2), if either his brief or an extension motion were not filed within 10 days of that notice.

On February 2, 2016, this Court granted, in part, the first extension request filed by appellant's appointed counsel, Mandy Miller, for ninety days.  In that Order, this Court also warned counsel that no further extensions would be granted given the length of that extension, and threatened to abate this appeal if appellant's brief were not timely filed by March 30, 2016.

Although no appellant's brief was timely filed, appellant's counsel filed a second extension request, in this Court on April 4, 2016, seeking to extend the time to file appellant's brief until April 29, 2016.  Appellant's motion failed to mention that this was appellant's second extension request, that this Court had warned counsel that no further extensions would be granted and, in any event, did not allege any exceptional circumstances in this second request.  *See* TEX. R. APP. 10.5(b)(1)(C), (D), 38.6(d).

---

[1]     Although a supplemental reporter's record attaching the hearing record for the motion for new trial was filed in this Court on December 22, 2015, appellant's notice of appeal was filed on October 1, 2015, the same date that the sentence was imposed in this case.

We therefore **deny** this second extension and sua sponte **abate** this appeal and **remand** for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Mandy Miller, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[2]

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute this appeals

(2) if appellant does wish to prosecute this appeal, determine whether counsel Mandy Miller has abandoned this appeal;

(3) if counsel Mandy Miller has not abandoned this appeal:

    a. inquire of counsel the reasons, if any, that she has failed to file a brief timely on appellant's behalf; and

    b. set a date certain when appellant's brief will be due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing;

(4) if Mandy Miller has abandoned this appeal, enter a written order relieving Mandy Miller of her duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:

    a. if appellant is still indigent, appoint substitute appellate counsel at no expense to appellant;

    b. if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:

        i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's briefs are due, regardless of whether this Court has yet reinstated these appeals and no later than 30 days from the date of the hearing; or,

        ii. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney;

(5) make any other findings and recommendations the trial court deems appropriate; and

---

2    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2015); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *cf*. TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The court coordinator of the trial court shall set a hearing date no later than **30 days from the date of this order** and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of the hearing. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this hearing.

If Mandy Miller files an extension motion and brief on appellant's behalf in this Court and a copy of such brief in the trial court, which brief complies with Texas Rule of Appellate Procedure 38.1, **no later than ten days from the date of this order**, together with a motion requesting that we withdraw this Order of Abatement, we may reconsider and withdraw this order and reinstate the appeal.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court.

It is so **ORDERED**.

Judge's signature: /s/ <u>Evelyn V. Keyes</u>
         ☒ Acting individually    ☐ Acting for the Court

Date: April 7, 2016